# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CYNTHIA PHILIPPE,<br>c/o Werman Salas P.C.<br>609 H Street NE, 4th Floor<br>Washington, D.C. 20001<br><br>Individually and on behalf of all others<br>similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>DAIKAYA LLC,<br>705 6th Street NW<br>Washington, D.C. 20001<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Judge<br>)<br>) Case No.  25-cv-00731<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Cynthia Philippe ("Plaintiff") individually, and on behalf of all others similarly situated, as a class and collective representative, through her attorneys, for her Complaint against Daikaya LLC ("Daikaya") or ("Defendant"), states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff worked for Defendant Daikaya LLC at The Ramen Shop and The Izakaya located in Washington, D.C. Plaintiff Cynthia Philippe worked in two positions at Daikaya: as a tipped server and as a tipped bartender.

2. Throughout her employment, Defendant deprived Plaintiff and similarly situated employees of earned minimum wages by unlawfully availing itself of a tip credit.

3. Throughout her employment, Defendant deprived Plaintiff and similarly situated employees of all earned tips.

1

4.       Throughout her employment, Defendant deprived Plaintiff and similarly situated employees of earned minimum wages by failing to pay Plaintiff and similarly situated employees for all hours worked.

5.       Additionally, Defendant failed to reimburse Plaintiff and similarly situated employees for the purchase and maintenance of the uniforms Defendant required Plaintiff and similarly situated employees to wear to work at Daikaya's restaurants.

6.       Plaintiff brings this action on behalf of herself and similarly situated current and former employees under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, (the "FLSA"), the D.C. Minimum Wage Act, D.C. Code § 32-1001, *et seq.*, ("the DCMWA"), the D.C. Wage Payment and Collection Law, D.C. Code § 32-1301 *et seq.*, ("the DCWPCL"), and supporting D.C. wage regulations (DCMWA, DCWPCL, and D.C. wage regulations, collectively the "D.C. Wage Laws").

## THE PARTIES

### *Plaintiff Cynthia Philippe*

7.       Plaintiff Cynthia Philippe is an adult individual who lives in Washington, D.C.

8.       Plaintiff Cynthia Philippe was employed by Defendant in the District of Columbia as a server and bartender at The Ramen Shop and The Izakaya from approximately January 2024 through June 2024.

9.       Plaintiff Cynthia Philippe is a covered employee within the meaning of the FLSA and the D.C. Wage Laws.

10.     Plaintiff Cynthia Philippe is a covered tipped employee within the meaning of the 29 U.S.C. § 203(t) because she was engaged in serving and bartending positions where she customarily and regularly received more than $30 a month in tips.

*Defendant Daikaya LLC*

11.    Defendant Daikaya is a limited liability company formed under the laws of the District of Columbia.

12.    Defendant maintains and operates The Ramen Shop located at 705 6th Street NW, First Floor, Washington, D.C. 20001.

13.    Defendant also maintains and operates The Izakaya located at 705 6th Street NW, Second Floor, Washington, D.C. 20001.

14.    At all relevant times, Daikaya maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

15.    Daikaya allowed employees to freely transfer between, or be shared by, The Ramen Shop and The Izakaya restaurants without retraining such employees.

16.    Daikaya applied the same employment policies, practices, and procedures with respect to payment of wages, tips, uniform-related expenses, and the making of unlawful deductions.

17.    Daikaya uniformly took a tip credit and paid Plaintiff and similarly situated employees subminimum wages without meeting proper requirements.

18.    Daikaya LLC was the name of the entity printed on Plaintiff's paychecks.

19.    During all relevant times, Defendant was Plaintiff's employer within the meaning of the FLSA and D.C. Wage Laws.

## JURISDICTION AND VENUE

20.    This Court has original jurisdiction over Plaintiff's FLSA claim under 28 U.S.C. § 1331.

3

21.     This Court has supplemental jurisdiction over Plaintiff's D.C. Wage Laws claims under 28 U.S.C. § 1367 because her non-federal claims arise out of the same facts and controversy as her FLSA claim.

22.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL BACKGROUND

23.     Throughout their employment with Defendant, Plaintiff and other similarly situated employees regularly receive or received tips, commission, or gratuities amounting to over $30 each month to supplement their base wage.

24.     For instance, during the May 25, 2024 to June 7, 2024 pay period, Plaintiff Philippe's pay statement from Defendant shows that she was paid $963.32 in tips.

25.     At all relevant times, Defendant paid Plaintiff and other similarly situated employees the "tipped" minimum wage rate – an hourly base wage rate below the full D.C. minimum wage.

26.     Upon information and belief, Defendant paid Plaintiff and other similarly situated employees approximately $6.00 per hour from January 1, 2023 through June 30, 2023, $8.00 per hour from July 1, 2023 through June 30, 2024, and $10.00 per hour from July 1, 2024 through the present for work performed while the restaurants were open and after the restaurants closed for the night.

27.     Defendant paid Plaintiff and other similarly situated employees approximately between $15.00 and $17.50 an hour for work performed before the restaurants opened for the day on days that Plaintiff and other similarly situated employees were scheduled to work.

28.     Defendant purported to take a "tip credit" under the D.C. Wage Laws.

29. Defendant did not satisfy the strict requirements under the D.C. Wage Laws that would allow it to take a "tip credit."

30. Throughout their employment with Defendant, Defendant failed to provide Plaintiff and other similarly situated employees with a tip notice, as required under the D.C. Wage Laws.

31. Specifically, Daikaya did not provide Plaintiff and other similarly situated employees with a notice at hiring and/or whenever the following information changes, of the following information: (1) the provisions of the D.C. Code § 32-1003(f) regarding the tipped minimum wage; (2) if tips are not shared, that Plaintiff and other similarly situated employees shall retain all tips received; (3) if tips are shared, Defendant's tip-sharing policy; and (4) the percentage by which tips paid by credit card will be reduced by credit card fees.

32. Defendant did not post its tip-sharing policy at The Ramen Shop or The Izakaya.

33. Defendant did not provide Plaintiff and other similarly situated employees with sexual harassment training as required under D.C. Code § 2-1411.05a for Defendant to take the tip credit.

34. Defendant did not allow Plaintiff and other similarly situated employees to retain all the tips they received.

35. Upon information and belief, Defendant paid out tips to employees in non-tipped occupations, including consultants, managers, and directors.

36. For instance, the Daikaya Director of Operations informed Plaintiff that he included Daikaya Beverage Director, Nalee Kim, as an employee who received tips on several nights that Plaintiff worked as a bartender.

37. Upon information and belief, Defendant also withheld 2.5% of cash tips as a credit card processing fee on tips paid by its customers in cash.

38.     Defendant continued to take a tip credit under the D.C. Wage Laws and pay Plaintiff and other similarly situated employees subminimum wages even though it retained a portion of their tips.

39.     Defendant did not provide Plaintiff and other similarly situated employees each pay period with an "itemized statement" that includes "deductions from . . . wages" or "tip declaration . . . delineating cash tips and credit card tips" as required under D.C. Code § 32-1008(b).  Instead, Defendant provided Plaintiff and other similarly situated employees with pay statements that listed all tips owed under a single lump sum for the entire pay period.

40.     For instance, in the pay period beginning on May 25, 2024 and ending June 7, 2024, Plaintiff Philippe's pay statement lists her total tips owed during the pay period as $963.32 and fails to contain any explanation of whether the tips were paid in cash or by credit card, or when during the pay period the tips were earned.



41.    Defendant required Plaintiff and other similarly situated employees to perform side work at the start and end of every shift.

42.     Defendant typically scheduled Plaintiff and other similarly situated employees to arrive at work between one hour and two hours before the restaurant opened and typically required them to stay between 30 minutes to an hour and a half after the restaurant was closed.

43.     Defendant's managers often clocked Plaintiff and other similarly situated employees out of the punch clock system while they performed their closing side work.

44.     Almost every shift that Plaintiff worked a closing shift a manager clocked her out before she finished her side work while the manager entered information generated from the financial report of her transactions with customers into the computer system. On these occasions, Plaintiff was expected to continue completing her assigned side work for approximately 30 minutes to one-hour until the manager permitted her to leave the restaurant.

45.     Plaintiff also witnessed managers clocking out other similarly situated employees before they finished their side work in the same or similar manner.

46.     Defendant required Plaintiff and other similarly situated employees to attend a near-monthly meeting before The Ramen Shop and The Izakaya opened for the day. The near-monthly meeting generally lasted approximately 75 to 90 minutes. Defendant's managers told Plaintiff and other members of the Rule 23 Class not to clock in for the near-monthly meeting. Plaintiff and the Rule 23 Class Members were not paid for attending these mandatory meetings.

47.     Defendant required Plaintiff and other similarly situated employees to wear a uniform while working at The Ramen Shop and The Izakaya. The uniform consisted of a shirt with Defendant's logo, black pants, black non-slip shoes, and an apron.

48.     Defendant provided Plaintiff and other similarly situated employees with a portion of their required uniforms, including a shirt with Defendant's logo, and an apron. Defendant did

not and does not clean or otherwise maintain the shirt or apron that it provided to Plaintiff and other members of the Rule 23 Class.

49.    Defendant required Plaintiff and other similarly situated employees to purchase black pants and black non-slip shoes as part of their required uniform. Defendant did not and does not clean or otherwise maintain the black pants or black non-slip shoes that it required Plaintiff and other similarly situated employees to purchase as part of their uniform.

50.    Upon information and belief, Defendant applies the same employment policies, practices, and procedures to all employees at Daikaya.

51.    Defendant committed the acts alleged in this Class and Collective Action Complaint knowingly, intentionally, and willfully.

## FLSA COLLECTIVE ACTION ALLEGATIONS

52.    Plaintiff brings the First Claim for Relief pursuant to the FLSA on behalf of herself and those similarly situated.  The proposed FLSA Collective is defined as:

> All persons who are or were employed by Defendant as tipped workers for whom Defendant paid the tipped minimum wage at The Ramen Shop and/or The Izakaya located on the first and second floors of 705 6th Street NW, Washington, D.C. 20001 within three years prior to the filing date of this action through the date of final disposition who elect to opt-in to this action (the "FLSA Collective").

53.    Plaintiff is similarly situated to the FLSA Collective Members because they have had substantially similar job requirements and pay provisions, and have been subject to Defendant's common practice or policy of failing to remit all earned tips to Plaintiff and the FLSA Collective Members. Plaintiff's claims stated herein are essentially the same as those of other FLSA Collective Members.

54. Defendant's unlawful conduct, as described in this Class and Collective Action Complaint, is pursuant to a corporate practice or policy of minimizing labor costs by failing to record the hours that employees work.

55. Defendant is aware or should have been aware that federal law requires it to pay employees minimum wages for all hours worked.

56. Defendant has the names, addresses, telephone numbers, and emails for individuals who are eligible to join the FLSA collective.

57. Members of the FLSA collective would benefit from the issuance of court-supervised notice, granting them the opportunity to join this lawsuit.

**CLASS ACTION ALLEGATIONS**

58. Plaintiff brings the Second, Third, Fourth, and Fifth Claims for Relief under Rule 23 of the Federal Rules of Civil Procedure and D.C. Code § 32-1308, on behalf of herself and a class of persons consisting of:

> All persons who are or were employed by Defendant as tipped workers for whom Defendant paid the tipped minimum wage at The Ramen Shop and/or The Izakaya located on the first and second floors of 705 6th Street NW, Washington, D.C. 20001 within three years prior to the filing date of this action through the date of final disposition (the "Rule 23 Class").

59. The members of the Rule 23 Class are each so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

60. Upon information and belief, the size of the Rule 23 Class is at least 60 individuals.

61. Plaintiff's claims are typical of the members of the Rule 23 Class. Plaintiff and the Rule 23 Class Members were all tipped employees who were paid the tipped minimum wage.

Plaintiff and the Rule 23 Class members have all been injured in that Defendant claimed a tip credit to which it was not entitled resulting in unpaid wages. Plaintiff and the Rule 23 Class Members were also required to purchase, maintain, and clean their uniforms without reimbursement or pay from Defendant. As a result, each and every class member suffered the same harm.

62.    Each class member's claim is controlled by the D.C. Wage Laws and one set of facts.  Pursuant to Fed. R. Civ. P. 23(b)(3), questions of law and fact are common to the class and predominate over any individual questions. Such common questions of law and fact include, but are not limited to:

a.  whether Defendant failed to provide Plaintiff and the Rule 23 Class Members with a tip notice that complied with the requirements of D.C. Code § 32-1003(g);

b.  whether Defendant retained tips earned by Plaintiff and the Rule 23 Class Members;

c.  whether Defendant failed to compensate Plaintiff and the Rule 23 Class Members for all hours worked;

d.  whether Defendant included consultants, managers, and directors in The Ramen Shop and The Izakaya tip outs or otherwise allowed individuals in non-tip-earning positions to retain tips earned by Plaintiff and the Rule 23 Class Members;

e.  whether Defendant provided sexual harassment training to Plaintiff and the Rule 23 Class Members;

11

f.  whether Defendant failed to pay Plaintiff and the Rule 23 Class Members for the costs associated with purchasing, maintaining, and cleaning their required uniforms in compliance with D.C. Mun. Regs. tit. 7, § 908; and

g.  the nature and extent of class-wide injury and the measure of damages for those injuries.

63.  Pursuant to Fed. R. Civ. P. 23(b)(1)(A), a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources and incentives to prosecute separate lawsuits against the employer. The damages suffered by the individual class members are small compared to the expense and burden of individual prosecutions of this litigation. Prosecuting dozens of identical, individual lawsuits would not promote judicial efficiency or equity, nor necessarily give consistent results. Class certification will eliminate the need for duplication of litigation.

64.  Pursuant to Fed. R. Civ. P. 23(b)(2), Defendant has acted, or has refused to act, on grounds generally applicable to the Rule 23 class, thereby making appropriate final injunctive relief, or corresponding declaratory relief, with respect to the class as a whole.

65.  Plaintiff will fully and adequately protect the interests of the class. Plaintiff seeks the same recovery as the class she seeks to represent, predicated on the same violations of law and the same damage theory. Plaintiff has retained counsel who is qualified and experienced in the prosecution of wage and hour class actions. Neither Plaintiff nor her counsel have interests that are contrary to, or conflicting with, the interests of the class.

## COUNT I
### Violation of the Fair Labor Standards Act – Failure to Pay Earned Tips
### (Plaintiff, on behalf of herself and the FLSA Collective)

66.     Plaintiff hereby realleges and incorporates the above paragraphs of this Complaint as if fully set forth herein.

67.     Plaintiff's consent form to act as representative plaintiff is attached here to as **Exhibit A**.

68.     At all relevant times, Defendant was Plaintiff's "employer[s]" as defined by the FLSA. 29 U.S.C. § 203(d).

69.     At all relevant times, Defendant has employed "employee[s]" including Plaintiff and the FLSA Collective Members. 29 U.S.C. § 203(e).

70.     Defendant is an "enterprise" as defined by Section 3(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

71.     Defendant is engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA. 29 U.S.C. § 203(s)(1)(A).

72.     Defendant's annual gross volume of sales made or business done has exceeded $500,000 in each of the last three calendar years.

73.     Defendant violated the FLSA by withholding tips earned by hourly tipped employees and distributing a fraction of them to employees who do not "customarily and regularly" receive tips.

74.     Defendant also violated the FLSA by withholding 2.5% of cash tips as a credit card processing fee even though Defendant did not pay a credit card processing fee on tips paid by its customers in cash.

75.    Defendant's unlawful conduct, as described in this Class and Collective Action Complaint, has been willful and intentional. Defendant was aware or should have been aware that the practices described in this Class and Collective Action Complaint were unlawful. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective Members.

76.    Because Defendant's violations of the FLSA have been willful, Plaintiff and the FLSA Collective Members have suffered damages by being denied payment of all of their wages and earned tips in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, attorneys' fees and costs in this action, and other compensation pursuant to 29 U.S.C. §§ 201, *et seq.*

WHEREFORE, Plaintiff and the FLSA Collective pray for judgment against Defendant as follows:

A.    Judgment in the amount of all unpaid earned wages and tips due, as provided by the Fair Labor Standards Act;

B.    Liquidated damages in an amount equal to the amount of all wages due, as provided by the Fair Labor Standards Act, or in the absence of liquidated damages, prejudgment interest on the amount of overtime wages due;

C.    Reasonable attorneys' fees and costs incurred in bringing this action;

D.    Such other and further relief as this Court deems appropriate and just.

### COUNT II
**Violation of the D.C. Minimum Wage Revision Act – Minimum Wages**
**(Plaintiff, on behalf of herself and the Members of the Rule 23 Class)**

77.    Plaintiff hereby realleges and incorporates the above paragraphs of this Complaint as if fully set forth herein.

14

78.    At all relevant times, Plaintiff and the Rule 23 Class Members have been employees and Defendant has been an employer within the meaning of the D.C. Minimum Revision Wage Act. D.C. Code § 32-1002(2), (3).

79.    Plaintiff and the Rule 23 Class Members are covered by the D.C. Minimum Revision Wage Act.

80.    Defendant was not eligible to avail itself of the tipped minimum wage rate in D.C. Code § 32-1003(f), because Defendant failed to provide Plaintiff and the Rule 23 Class Members "with notice of the following, including the notice furnished pursuant to § 32-1008(c): (A) The provisions of subsection (f) of this section; (B) if tips are not shared, that the tipped employee shall retain all tips received; (C) If tips are shared, the employer's tip-sharing policy; and (D) The percentage by which tips paid via credit card will be reduced by credit card fees." D.C. Code § 32-1003(g)(1).

81.    Defendant was also not eligible to avail itself of the tipped minimum wage rate in D.C. Code § 32-1003(f), because Defendant failed to post its tip-sharing policy in The Ramen Shop and The Izakaya, in violation of the D.C. Minimum Wage Revision Act, D.C. Code § 32-1003(g)(2).

82.    Defendant was also not eligible to avail itself of the tipped minimum wage rate in D.C. Code § 32-1003(f), because Defendant did not permit Plaintiff and the Rule 23 Class Members to retain all tips they received, in violation of the D.C. Minimum Wage Revision Act, D.C. Code § 32-1003(g)(3).

83.    Instead, Defendant unlawfully redistributed portions of the tips received by Plaintiff and the Rule 23 Class Members to employees in positions that do not customarily and regularly

receive tips, including The Ramen Shop and The Izakaya consultants, managers, and directors in violation of the D.C. Minimum Wage Revision Act, D.C. Code § 32-1003(g)(3).

84.    Defendant also unlawfully retained 2.5% of cash tips as a credit card processing fee, even though Defendant did not pay a credit card processing fee on tips paid by its customers in cash in violation of the D.C. Minimum Wage Revision Act, D.C. Code § 32-1003(g)(3).

85.    Defendant was also not eligible to avail itself of the tipped minimum wage rate in D.C. Code § 32-1003(f) because Defendant did not provide Plaintiff and the Rule 23 Class Members with sexual harassment training as required by D.C. Code § 2-1411.05a.

86.    Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the Rule 23 Class Members.

87.    Further, Defendant required Plaintiff and the Rule 23 Class Members to perform work off-the-clock and without compensation, depriving them of the minimum wage.

88.    Due to Defendant's violations of the D.C. Minimum Wage Revision Act, Plaintiff and the Rule 23 Class Members are entitled to recover from Defendant damages including but not limited to unpaid wages, liquidated damages equal to treble the amount of unpaid wages, and reasonable attorneys' fees and costs of the action. D.C. Code §§ 32-1012, 32-1308.

**COUNT III**
**Violation of the D.C. Minimum Wage Revision Act – Tip Misappropriation**
**(Plaintiff, on behalf of herself and the Members of the Rule 23 Class)**

89.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

90.    Due to Defendant's violations of the D.C. Minimum Wage Revision Act, Plaintiff and the Rule 23 Class Members are entitled to recover from Defendant their misappropriated tips,

reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest. D.C. Code §§ 32-1012, 32-1308.

<u>**COUNT IV**</u>
**Violation of the D.C. Wage Payment and Collection Law – Failure to Timely Pay All Earned Wages**
**(Plaintiff, on behalf of herself and Members of the Rule 23 Class)**

91.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

92.     At all times relevant, Plaintiff and the Rule 23 Class Members have been employees and Defendant has been an employer within the meaning of the DCWPCL.

93.     Plaintiff and the Rule 23 Class Members are covered by the DCWPCL.

94.     Defendant failed to timely pay Plaintiff and the Rule 23 Wage Class Members all wages earned, including earned tips, as required by the DCWPCL, D.C. Code § 32-1302.

95.     Defendant failed to pay Plaintiff and the Rule 23 Wage Class Members minimum wage for all hours worked and failed to pay all earned tips.

96.     Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the Rule 23 Class Members.

97.     Due to Defendant's violations of the DCWPCL, Plaintiff and the Rule 23 Class Members are entitled to recover from Defendant their unlawfully withheld wages, including tips, liquidated damages equal to treble the amount of unpaid wages, attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, as provided by law.

**CLAIM V**
**Violation of D.C. Municipal Code – Failure to Reimburse Cost of Purchasing, Maintaining, and Cleaning Uniforms**
**(Plaintiff, on behalf of herself and Members of the Rule 23 Class)**

98.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

99.     Defendant failed to reimburse Plaintiff and the Rule 23 Class Members for the cost to purchase uniforms and protective clothing that Defendant required them to wear in violation of D.C. Mun. Regs. tit. 7, § 908.1.

100.     Defendant failed to pay Plaintiff and the Rule 23 Class Members $0.15 per hour with a weekly maximum payment of $6.00 per week in lieu of paying or reimbursing Plaintiff and Rule 23 Class Members for the cost to purchase uniforms that Defendant required them to wear in violation of D.C. Mun. Regs. tit. 7, § 908.1.

101.     Defendant failed to pay Plaintiff and the Rule 23 Class Members $0.10 per hour to maintain and clean the uniforms that Defendant purchased for them and required them to wear in violation of D.C. Mun. Regs. tit. 7, § 908.2.

102.     Due to Defendant's violations of the D.C. Municipal Code, Plaintiff and the Rule 23 Class Members are entitled to recover unpaid payments for the cost of purchasing, maintaining, and cleaning their required uniforms and protective clothing, liquidated damages equal to treble the amount of unpaid wages, and attorneys' fees and costs of the action.

WHEREFORE, Plaintiff and the Rule 23 Class pray for judgment against Defendant as follows:

A.     Certification of the Rule 23 Class pursuant to Rule 23 of the Rules of Civil Procedure;

B.     Designation of Plaintiff Cynthia Philippe as Class Representative of the Rule 23 Class;

18

C.      Designation of counsel of record as Class Counsel for the Rule 23 Wage Class;

D.      Declaratory relief, including a declaration that the practices complained of herein are unlawful;

E.      Equitable and injunctive relief, including an order enjoining Defendant from continuing its unlawful practices;

F.      Monetary relief, including compensation for unpaid wages, unlawfully retained tips, statutory damages, consequential damages, liquidated damages, and punitive damages;

G.      Pre- and post- judgment interest;

H.      Reasonable attorneys' fees and costs incurred in bringing this action; and

I.      Such other and further relief as this Court deems appropriate and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all counts.

Dated: March 12, 2025

Respectfully submitted,

*/s/ Sally J. Abrahamson*

Sally J. Abrahamson, D.C. Bar # 999058
sabrahamson@flsalaw.com
**Werman Salas P.C.**
609 H Street NE, 4th Floor
Washington, D.C. 20001
Phone: (202) 830-2016
Fax: (312) 419-1025

Anne Kramer (*pro hac vice* forthcoming)
akramer@flsalaw.com
**Werman Salas P.C.**
77 W. Washington Street, Suite 1402
Chicago, Illinois 60602
Phone: (312) 419-1008
Fax: (312) 419-1025

*Attorneys for Plaintiff*